FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 21, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>BENITO PEREZ-JAVIER,<br><br>          Defendant. | No.     1:20-CR-2014-SAB-2<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION** |

     Before the Court are Defendant's *pro se* Motions for Sentence Reduction Under 18 U.S.C. 3582(c)(1)(A) (Compassionate Release), ECF Nos. 268 and 270, and related Motion to Appoint Counsel, ECF No. 270. Defendant is a federal inmate at FCI-Lompoc and is representing himself.

     On October 4, 2021, Defendant plead guilty to Conspiracy to Distribute 50 grams or more of Actual (Pure) Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 846. On August 24, 2022, he was sentenced to 70 months imprisonment and 5 years supervised release. Defendant's projected release date is February 9, 2027. *See* BOP Inmate Finder, https://www.bop.gov/inmateloc (last visited June 17, 2024).

     Defendant asks the Court to reduce his sentence of incarceration to time-served, or any amount the Court deems appropriate. Defendant asserts he has several ongoing medical issues that require regular treatment, and he was also a primary financial provider for his family.

     After reviewing the Section 3553(a) factors, caselaw, Defendant's Motions, and

ORDER DENYING MOTION FOR SENTENCE REDUCTION ~ 1

Defendant's medical records, the Court **denies** the motions for compassionate release and **denies** the motion for appointment of counsel.

## MOTION STANDARD

Generally, a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c); *see also Dillon v. United States,* 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.") (internal alterations omitted). Compassionate release, however, provides an exception to this general rule in extraordinary cases. *See* 18 U.S.C. § 3582(c)(1)(A). Prior to the enactment of the First Step Act in December 2018, only the Bureau of Prisons (BOP) could raise the issue of compassionate release. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115–391, 132 Stat. 5194, at 5239. Section 3582(c)(1)(A) now allows a federal prisoner to seek compassionate release after exhausting all administrative remedies with the BOP.[1]

Section 3582(c)(1)(A) permits a court to reduce the term of imprisonment after considering the factors set forth in Section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(c)(1)(A). The purpose of compassionate release is to provide a "safety valve with respect to situations in which a defendant's circumstances had changed such at the length of continued incarceration no longer remained equitable." *United States v. Chen*, 48 F.4th

---

[1] Defendant indicated that he submitted a request to the Warden of FCI-Lompoc on April 27, 2024, and he did not receive a response. He filed his first motion on May 15, 2024, and second motion on June 11, 2024. The May 15, 2024, filing did not meet the standard under 18 U.S.C. § 3582(c)(1)(A), but the June 11, 2024, filing does because 30 days has lapsed since Defendant submitted his request to the Warden.

ORDER DENYING MOTION FOR SENTENCE REDUCTION ~ 2

1092, 1098–99 (9th Cir. 2022).

Further, the Ninth Circuit has instructed that in deciding whether to grant a defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), district courts must consider (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) the sentencing factors set forth in 3553(a) to the extent they are applicable. *United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021). Each step of this analysis qualifies as an independent ground to deny a motion for compassionate release. *United States v. Wright*, 45 F.4th 938, 947 (9th Cir. 2022). Defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

Congress has not provided a statutory definition of "extraordinary and compelling reasons." *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam).[2] In November 2023, the United States Sentencing Commission updated Section 3582 to further define what qualifies as "extraordinary and compelling reasons" for compassionate release. U.S.S.G. § 1B1.13 (last amended Nov. 1, 2023). It identified six circumstances that may reach the standard: (1) medical circumstances; (2) age; (3) family circumstances; (4) whether the defendant experienced abuse in custody; (5) alternate but similar reasons to 1–4; and (6) an unusually long sentence. However, the amendment is still informative and not binding for the district court. *Aruda*, 993 F.3d at 802.

//

---

[2] Instead, Congress instructed the United States Sentencing Commission that "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, [it] shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Aruda*, 993 F.3d at 800 (citing 28 U.S.C. §§ 944(t); 944(a)(2)(C)).

ORDER DENYING MOTION FOR SENTENCE REDUCTION ~ 3

# ANALYSIS

To decide Defendant's compassionate release request, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes by the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, and other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). The Court must impose a sentence that is sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. *United States v. Lizarraras-Chacon*, 14 F.4th 961, 966 (9th Cir. 2021) (citation omitted).

Defendant participated knowingly in a conspiracy to distribute methamphetamine. He was fronted methamphetamine and provided it to a confidential informant working for the Drug Enforcement Agency. He was aware of the drugs and that he had conspired to distribute more than 50 grams of actual methamphetamine.

Based on Defendant's acceptance of responsibility reduction, the USSG calculations resulted in a Total Offense Level of 35 and Criminal History Level I, with the resulting range of 168 – 210 months. The amount of drugs also triggered the 120-month mandatory minimum sentence.

Pursuant to the parties' Fed. R. Cr. P. 11(c)(1)(A) plea agreement, the United States agreed to recommend a sentence at the low end of the guideline range, allowing Defendant to argue for any legal sentence. The Court accepted the plea agreement and sentenced Defendant below the mandatory minimum to 70 months imprisonment, with credit for time served, and 5 years supervised release.

A review of Defendant's criminal history shows convictions for minor crimes with no prison time served. His Criminal History Category of I does not lead to

ORDER DENYING MOTION FOR SENTENCE REDUCTION ~ 4

concern for recidivism.

In reviewing the Section 3553(a) factors, Defendant's Motion, and Defendant's medical records, the Court finds that Defendant **is not entitled** to a sentence reduction. The 70-month sentence Defendant received is sufficient but not greater than necessary to reflect the seriousness of his underlying offense, provide just punishment, and afford adequate deterrence to criminal conduct.

Though not required, the Court also considered whether Defendant's motion presented "extraordinary and compelling" circumstances under the new U.S.S.G. amendment. Defendant identifies ongoing medical conditions and his family financial circumstances as his reasons for seeking relief. The Court finds the conditions and circumstances listed in Defendant's motion do not rise to the level of "extraordinary and compelling."

## MOTION FOR APPOINTMENT OF COUNSEL

Finally, the Court reviewed Defendant's Motion to Appoint Counsel and applicable caselaw and **denies** the motion. Under the Criminal Justice Act, 18 U.S.C. §§ 3006A(a)(1) and (c), the Court can appoint counsel to represent any defendant convicted in its district who previously had appointed counsel or is now indigent. The decision to appoint is discretionary unless an evidentiary hearing is required, which is not necessary in Defendant's case. *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988). In light of the legal issues involved and facts of the motion, the Court found appointment futile.

//
//
//
//
//
//
//
//

ORDER DENYING MOTION FOR SENTENCE REDUCTION ~ 5

Accordingly, **IT IS ORDERED**:

1. Defendant's *pro se* Motions for Sentence Reduction Under 18 U.S.C. 3582(c)(1)(A) (Compassionate Release), ECF Nos. 268 and 270, are **DENIED**.

2. Defendant's *pro se* Motion to Appoint Counsel, ECF No. 270 is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide copies to Defendant.

**DATED** this 21st day of June 2024.



Stanley A. Bastian
Chief United States District Judge

ORDER DENYING MOTION FOR SENTENCE REDUCTION ~ 6